**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 23-cr-10162-NMG |
| | ) | |
| JOHNNY BARROS BRANDAO | ) | |

**UNITED STATES' MOTION *IN LIMINE* TO ADMIT EVIDENCE REGARDING**
**DEFENDANT'S CRIMINAL CHARGES IN CABO VERDE**

The United States of America respectfully moves *in limine* to admit evidence of the criminal charges asserted against the Defendant in Cape Verde, including multiple homicides. Specifically, the Government is seeking to admit the charges asserted and not the underlying allegations supporting the charges. This evidence is relevant to motive and to prove that the Defendant acted knowingly and willfully when he made a false statement in his passport application as charged. The probative value of this evidence outweighs the risk of any unfair prejudice.

**BACKGROUND**

In August 2021, Defendant was charged in Cape Verde with two counts of aggravated homicide, three weapons crimes, one crime of robbery with violence against a person, and crime of attack against the integrity of a cadaver or ashes. Cape Verde police seized the Defendant's U.S. passport upon arresting him for these charges. The Defendant was held in custody pending trial on these charges in Cape Verde until December 12, 2022. On that day, Defendant was released on the conditions that he check in with the court regularly and remain in the country of Cape Verde. To enforce this order, the Cape Verde prosecutor's office took possession of the Defendant's U.S. passport form the Cape Verde police.

In an unknown manner at an unknown time, Defendant traveled to Dakar, Senegal in violation of the order of the Cape Verde court. On December 28, 2022, Defendant applied for a replacement U.S. passport at the U.S. Embassy in Dakar, Senegal. As part of the application, the Defendant wrote: "I went out for dinner and the time I got back I hand [*sic*] lost my passport." Defendant also checked a box indicating that his passport had been "lost" and wrote that this loss occurred in "Dakar Senegal" on "12/25/2022." Defendant is charged with making a false statement on a passport application based on this false statement. One of the elements of this offense is that the false statement was made knowingly and willfully.

## ARGUMENT

The fact that Defendant was charged with serious crimes, including homicides, should be admitted as relevant evidence of Defendant's motive and knowledge that the statement in his passport application was false. Rule 403 of the Federal Rules of Evidence provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403.

Under this rule, relevant evidence is only inadmissible when it is *unfairly* prejudicial—not merely prejudicial. *United States v. Whitney*, 524 F.3d 134, 141 (1st Cir. 2008) ("As Rule 403 explicitly states, the law shields defendant 'against unfair prejudice, not against all prejudice.'") (quoting *United States v. Smith*, 292 F.3d 90, 98-99 (1st Cir. 2002)). Just because evidence may tend to convict the defendant or damage the defendant's position at trial does not render that evidence unfairly prejudicial. *See United States v. Varoudakis*, 233 F.3d 113, 122 (1st Cir. 2000) ("By design, all evidence is meant to be prejudicial"); *United States v. Kilmartin*, 944 F.3d 315, 335 (1st Cir. 2019) ("As a practical matter, nearly all evidence is offered for the

purpose of prejudicing the factfinder's views, and Rule 403 is meant to stand as a sentinel, which can be alerted to screen out <u>unfair</u> prejudice") (emphasis in original).  Unfair prejudice results when the evidence has an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  *See* Advisory Committee's Notes to Fed. R. Evid. 403.

The fact that Defendant was charged with serious offenses, including homicide, is highly probative of Defendant's motive, intent, and knowledge.  The nature of the charges is probative of Defendant's knowledge that the passport had been confiscated by the court in Cape Verde, explains why the Defendant lied on the passport application, and explains why the Defendant went to Senegal to submit the application instead of the U.S. Embassy in Cape Verde.

The Government has the burden of proving every element of the offense beyond a reasonable doubt, and in this case, it is an essential element of the offense that the Defendant acted willfully and knowingly.  *See United States v. Mehanna*, 735 F.3d 32, 40 (1st Cir. 2013) (noting "the government's right to present its best case in support of its theories of guilt").  The Defendant's knowledge and intent are likely to be the central issues at dispute during trial.  *See United States v. Soler-Montalvo*, 44 F. 4th 1, 18 (1st Cir. 2022) ("When proffered evidence relates to the central issue in a case, it is a difficult matter indeed to show that the prejudicial effect of that evidence substantially outweighs its highly probative nature") (internal quotation omitted).  The serious nature of the charges bears directly on the Defendant's state of mind when falsely claiming that he lost his passport in Senegal.  Evidence of the charges is essential to show that the Defendant made the false statement "voluntarily, not by mistake or accident, and knew that the statement was false."  *See* Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 4.18.1542.

The charges asserted by Cape Verdean authorities is not unfairly prejudicial. The Government is merely seeking to introduce the fact of the crimes charged and not any of the specific allegations made. The Court can also issue a limiting instruction and caution the jury that this evidence is being admitted for the specific purpose of establishing Defendant's intent, knowledge, and motive in the instant case, and that the Defendant is not on trial for those homicides. *See United States v. Currier*, 836 F.2d 11, 18-19 (1st Cir. 1987) (noting that district court alleviate impact of unfair prejudice by means of cogent limiting instructions); *United States v. United States v. Morla-Trinidad*, 100 F.3d 1, 6 (1st Cir. 1996) (noting district court's limiting instruction in assessing extent of unfair prejudice). The highly probative value of the nature and seriousness of the charges against the Defendant outweighs any prejudicial effect, especially given the court's ability to mitigate any prejudice by giving an appropriate limiting instruction.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that it be permitted to admit into evidence the charges asserted by the Cape Verde court as evidence of Defendant's knowledge, intent, and motive.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By: /s/ *Brian J. Sullivan*
Brian J. Sullivan
David G. Tobin
Assistant U.S. Attorneys
(617) 748-3106
(617) 748-3392
brian.sullivan@usdoj.gov
david.tobin@usdoj.gov

Dated: September 3, 2024

4

## LOCAL RULE 7.1 CERTIFICATION

The undesigned counsel certifies pursuant to Local Rules 7.1(a)(2) and 112.1, that counsel for the United States has conferred with counsel for the Defendant and the parties were unable to resolve or narrow the issues subject to this motion.

By: /s/ *Brian J. Sullivan*
Brian J. Sullivan
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

By: /s/ *Brian J. Sullivan*
Brian J. Sullivan
Assistant U.S. Attorney

Date: September 3, 2024

5