UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.: 1:23-cr-10162 |
| | ) | |
| JOHNNY BARROS BRANDAO, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE REFERENCE TO THE MURDER CHARGES AND UNDERLYING ALLEGATIONS

Now comes the defendant, Johnny Barros Brandao, and respectfully requests that this Court exclude all reference to the murder charges pending in Cape Verde at the time Brandao allegedly executed the passport application that is the subject of this indictment. More specifically, Brandao requests that this Court exclude any reference to "murder" or "homicide" charges, and any of the underlying factual allegations relating to the cases pending in Cape Verde, either in the Government's case-in-chief, or during the defense's case.

Brandao requests an exclusion of any evidence relating to the criminal cases in their entirety. If this Court, however, is inclined to permit the Government to present evidence that Brandao had pending criminal charges, then he requests that it be limited to the language "criminal charges," and not "murder" or "homicides."

Brandao also requests that this Court exclude <u>any</u> of the underlying factual allegations relating to the murder charges, under any circumstance, either in the Government's case-in-chief, or during the defense's case.

Any references to the murder charges or underlying factual allegations will serve only as propensity evidence and to inflame the jury, are not relevant, and any relevancy is

1

substantially outweighed by the danger of unfair prejudice. Moreover, the underlying factual allegations suffer from the same issues, and would be based on hearsay. Allowing the Government to introduce this evidence would violate Brandao's due process and fair trial rights under the Fifth, Sixth and Fourteenth Amendments. See Fed. R. Evid. 403; Fed. R. Evid. 404; United States v. Olano, 507 U.S. 725, 734 (1993); United States v. Torres-Rosario, 658 F.3d 110, 114 (1st Cir. 2011).

I. **The pending murder charges in Cape Verde are not relevant to the crime of a false statement in a passport application under 18 U.S.C. § 1542.**

The pending murder charges have no bearing on whether Brandao made a false statement on his passport application. The implication the Government is attempting to demonstrate is clear: that Brandao allegedly fled Cape Verde to evade prosecution for two murder cases, thus serving as propensity evidence.

The Government alleges that Brandao's passport was seized during the course of his criminal case in Cape Verde, and when he was released from Cape Verdean detention, he was Ordered not to leave Cape Verde. The Government alleges he then traveled to Senegal, and executed a passport application stating that he lost his prior passport while out to dinner.

That Brandao had pending murder charges has no bearing on whether he made any allegedly false statements on the passport application willfully and knowingly. The only operative facts are that the Cape Verdean Government allegedly seized Mr. Brandao's passport, kept custody of it, and allegedly still possessed it when Mr. Brandao executed the passport application.

The evidence will serve as propensity evidence, to attempt to prove that because Mr. Brandao was facing murder charges, he was more likely to commit another crime,

which is plainly impermissible. See Fed. R. Evid. 403; Fed. R. Evid. 404; United States v. Olano, 507 U.S. 725, 734 (1993); Huddleston v. United States, 485 U.S. 681 (1988).

**II.      Any relevancy is outweighed by the danger of unfair prejudice.**

Any purported probative value in informing the jury that Brandao was facing murder charges is substantially outweighed by the danger of unfair prejudice. See Fed. R. Evid. 403; Fed. R. Evid. 404; United States v. Olano, 507 U.S. 725, 734 (1993); United States v. Torres-Rosario, 658 F.3d 110, 114 (1st Cir. 2011) (noting trial court's authority to "screen out" unduly prejudicial evidence).

While the Government may contend that the murder charges are relevant to provide context as to why Brandao's passport was seized, why he was not permitted to leave the country, and why he may have had an alleged incentive to return to the United States where he is a citizen and his family resides, informing the jury that specifically, he was charged with murder, would be far more prejudicial than probative.

The pending charges bear on the question of whether Brandao made one false statement on a passport application, and interjecting murder charges would conflate the issues, and serve only to inflame the jury. As the First Circuit has stated, "[w]hat excites the emotions in one case may be routine evidence in another case." Cf. United States v. Houlihan, 92 F.3d 1271, 1284 (1st Cir. 1996) (finding references to homicides and threats to kill not prejudicial where "not…especially sensational when evaluated in light of other, plainly admissible evidence" relating to "nonstop violence" but "would have stood out like a sore thumb in a prosecution rooted in the relative gentility of white-collar crime").

The Government can fulfill its intended goal of providing context by presenting evidence that Brandao's passport was seized by the Cape Verdean government, then he

allegedly filled out an application in Senegal for a new passport, claiming he lost his passport at dinner. Informing the jury that Brandao was also charged with two murders is not necessary to prove the allegations, or provide full context.

If this Court finds there is relevance to the pending criminal charges, then Brandao requests that the jury only be informed that he had "pending criminal charges," and not the nature of the charges. Informing the jury that the charges were two murder charges would "weigh too much with the jury and to so overpersuade them as to prejudge…and deny him a fair opportunity to defend against a particular charge." United States v. Varoudakis, 223 F.3d 113, 122 (1st Cir. 2000), *quoting* Michelson v. United States, 335 U.S. 469, 475-76 (1948).

Ultimately, informing the jury that Brandao had two pending murder charges in a passport fraud case would be unfairly prejudicial, and admitting the evidence would violate Brandao's rights to due process and a fair trial pursuant to the 5th and 6th Amendments to the U.S. Constitution. United States v. Olano, 507 U.S. 725, 734 (1993); Huddleston v. United States, 485 U.S. 681 (1988).

**III.    Any evidence relating to the underlying factual allegations must also be excluded.**

Any of the underlying factual allegations relating to the murder charges are also irrelevant, and any probative value is substantially outweighed by the danger of unfair prejudice. See United States v. Varoudakis, 223 F.3d 113, 122 (1st Cir. 2000), *quoting* Michelson v. United States, 335 U.S. 469, 475-76 (1948).

Moreover, any allegations would be based on hearsay, and would violate Brandao's confrontation rights, where the Government does not intend to present any of the witnesses

relating to the Cape Verde murders, or even any of the investigators. See United States v. Flores-de-Jesús, 569 F.3d 8 (1st Cir. 2009); Crawford v. Washington, 541 U.S. 36 (2004).

Therefore, for the same reasons outlined above, the factual allegations relating to the pending murder charges would be unfairly prejudicial, and admitting the evidence would violate Brandao's rights to due process and a fair trial pursuant to the 5th and 6th Amendments to the U.S. Constitution. United States v. Olano, 507 U.S. 725, 734 (1993); Huddleston v. United States, 485 U.S. 681 (1988).

**CONCLUSION**

Wherefore, Johnny Barros Brandao respectfully requests that this Court exclude all evidence relating to the pending criminal charges, including any reference to "murder" charges, or the underlying factual allegations. If this Court is to permit any mention of the Cape Verde charges, then Brandao requests that it be limited to a statement that they were pending "criminal charges."

Respectfully Submitted,
JOHNNY BARROS BRANDAO
By his attorney

/s/ Jillise McDonough
Jillise McDonough
Law Office of Jillise McDonough
107 Union Wharf
Boston, MA 02109
(617) 263-7400
BBO# 688694
Jillise@Scapicchiolaw.com

September 3, 2024

5

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated:    September 3, 2024                    Signed: /s/ Jillise McDonough