**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 23-cr-10162-NMG |
| | ) | |
| JOHNNY BARROS BRANDAO | ) | |

### THE GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE REFERENCES TO THE MURDER CHARGES AND UNDERLYING ALLEGATIONS

The Defendant asks this Honorable Court to prohibit the government from introducing "any evidence relating to the criminal cases in their entirety." Docket No. 86, page 1. The Defendant's Motion refers to two pending murder charges Defendant faced in Carbo Verde at the time he applied for a replacement U.S. passport at the United States Embassy in Dakar, Senegal. The Defendant argues that evidence about the pending charges should be excluded because it is impermissible propensity evidence ("The evidence will serve as propensity evidence, to attempt to prove that because Mr. Brandao was facing murder charges, he was more likely to commit another crime…" Docket No. 86, page 2). The Defendant also argues that any relevance is outweighed by the danger of unfair prejudice. Docket No. 86, page 3. The Defendant is wrong on both points and the evidence should be admitted as motive evidence with a limiting instruction. The government incorporates by reference its Motion In Limine To Admit Evidence Regarding Defendant's Criminal Charges in Carbo Verde, which it filed on September 3, 2024, shortly before Defendant filed his own motion. Docket No. 85.

### BACKGROUND

In August 2021, Defendant was charged in Cape Verde with two counts of aggravated homicide, three weapons crimes, one crime of robbery with violence against a person, and crime

of attack against the integrity of a cadaver or ashes.  Cape Verde police seized the Defendant's U.S. passport upon arresting him for these charges.  The Defendant was held in custody pending trial on these charges in Cape Verde until December 12, 2022.  On that day, Defendant was released on the conditions that he check in with the court regularly and remain in the country of Cape Verde.  To enforce this order, the Cape Verde prosecutor's office took possession of the Defendant's U.S. passport form the Cape Verde police.

In an unknown manner at an unknown time, Defendant traveled to Dakar, Senegal in violation of the order of the Cape Verde court.  On December 28, 2022, Defendant applied for a replacement U.S. passport at the U.S. Embassy in Dakar, Senegal.  As part of the application, the Defendant wrote: "I went out for dinner and the time I got back I hand [*sic*] lost my passport." Defendant also checked a box indicating that his passport had been "lost" and wrote that this loss occurred in "Dakar Senegal" on "12/25/2022."  Defendant is charged with making a false statement on a passport application based on this false statement.  One of the elements of this offense is that the false statement was made knowingly and willfully.

## ARGUMENT

Although motive is not an element of the charged offense, the government is allowed to present evidence on motive as part of its case-in chief.  The government intends to introduce evidence that Defendant fled Cape Verde, in direct violation of a lawful order of a Cape Verde court not to depart the country, while he awaited trial on two murders.  Without a U.S. or Cape Verde passport, as both had been seized and were in the custody of Cape Verde law enforcement, Defendant made it to Senegal on the coast of Africa.  Once in Senegal, Defendant reported to the U.S. embassy that he had lost his U.S. passport at dinner a few nights prior.  That false statement – that he lost his U.S. passport at dinner – is the gravamen of the charged offense.  The motive

for the false statement was to avoid prosecution in Cape Verde.  Defendant wisely did not attempt to obtain a replacement U.S. passport in Cape Verde, as the embassy staff there may well have been familiar with the pending charges against Defendant.  Defendant's case was widely publicized in Cape Verde.  Instead, he managed to travel from the island nation of Cape Verde to Senegal without a passport and there applied for the replacement U.S. passport.

The proffered evidence is not propensity evidence.  The government does not offer it to show that because Defendant committed two other crimes (murder) he was more likely to commit the offense of passport fraud.  The entire premise of Defendant's argument is wrong.  The Defendant has not been proven guilty of the two charged murders.  The government has no knowledge if the Defendant did or did not commit the murders for which he has been charged.  The government would not and could not argue Defendant committed two murders, therefore he must have committed passport fraud.  There will be no evidence introduced about the alleged facts of the two murders, but the government will introduce evidence that Defendant was charged with committing two murders in Carbo Verde and that is why he went to such lengths, to include committing the offense of passport fraud, to flee the country.  See *U.S. v. Tierney*, 760 F.2d 382,386-87 (1st Cir. 1985) (over the objection of the defendant, the trial judge properly admitted evidence that the defendant had previously been Indicted to show motive, but with strict limiting instructions).

Defendant's Motion suggests that the government will attempt to get the underlying facts of the two murders into evidence.  That is not accurate.  In fact, the government explicitly stated it would not seek to admit such evidence in its motion in limine.  *See* Docket No. 85.  The government merely wants and is entitled to get into evidence that at the time Defendant committed the charged offense of passport fraud he faced two murder accusations in Cape

3

Verde. The underlying facts of the two murder cases are not relevant and the government will not attempt to introduce any such facts into evidence.

The Defendant's argument that any probative value of such evidence is outweighed by the danger of unfair prejudice does not withstand scrutiny. The government seeks a limiting instruction in which the Court informs the jury that it may not draw any inference as to the possible guilt of the defendant on the two murder charges. The Court should inform the jury that evidence of the two murder charges was permitted to show a possible motive for the Defendant's actions which are the basis of the charged crime before them and the knowledge that his statement that his U.S. passport was lost at a restaurant in Senegal on December 25, 2022 was false. The Court should stress that the jury may not consider Defendant guilty of the two murder charges and Defendant is presumed to be not guilty of the charges as no jury has considered the facts of the cases and rendered a verdict. Juries are presumed to follow instructions given to them by the Court. *U.S. v. Rodriguez*, 675 F.3d 48, 63 (1st Cir. 2012)

Defendant's suggestion that the jury should be informed merely that at the time Defendant applied for a replacement U.S. passport he faced "criminal charges" in Cape Verde is potentially misleading. With such a lack of specificity, the jury might conclude that the offenses were minor and not a reason to flee Cape Verde and make a false statement on a U.S. passport application.

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that it be permitted to admit into evidence the charges asserted by the Cape Verde court as evidence of Defendant's knowledge, intent, and motive.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By: /s/ DAVID G. TOBIN
Brian J. Sullivan
David G. Tobin
Assistant U.S. Attorneys
(617) 748-3106
(617) 748-3392
brian.sullivan@usdoj.gov
david.tobin@usdoj.gov

Dated: September 9, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

By: /s/ David G. Tobin
David G. Tobin
Assistant U.S. Attorney

Date: September 9, 2024